Wesley, J.
(concurring). For the reasons set forth in my dissenting opinion in Matter of Anello v Zoning Bd. of Appeals (89 NY2d 535 [decided today]), I cannot agree that claimant is prevented from claiming the value of her property without the wetlands regulations solely because she took title after the enactment of those regulations. Nevertheless, I concur in the result reached by the majority, because claimant took title subject to the covenants filed by the former owner of the property, which substantially restrict the value and use of the property.
Even if we were to accept claimant’s argument that the property must be valued as if it could be developed for one or more single-family residences because the alternative use for *977 recreational or aesthetic purposes is not an economic use (cf., Lucas v South Carolina Coastal Council, 505 US 1003, 1044 [Blackmun, J., dissenting]), that is a consequence of the covenants entered into by the former owner in exchange for the right to subdivide and develop what was then a larger parcel. The wetlands regulations at issue in this case did not deprive claimant of any interest in the property that had not already been encumbered by the former owner by virtue of the covenants. As such, an unrestricted right to develop the parcel no longer remained in the "bundle” of rights that claimant acquired through the former owner, and Supreme Court properly determined that the Town need not compensate claimant as if she retained that right.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Ciparick concur; Judge Wesley concurs in result in an opinion; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum.